IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00539 HG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT DE** |
| | ) | **GUZMAN BATI'S MOTION TO** |
| vs. | ) | **STRIKE THE UNITED STATES'** |
| | ) | **PREVIOUSLY FILED SPECIAL** |
| TRANQUILINO DE GUZMAN-BATI, JR., | ) | **INFORMATION AS TO PRIOR DRUG** |
| | ) | **CONVICTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT DE GUZMAN BATI'S MOTION TO STRIKE THE UNITED STATES' PREVIOUSLY FILED SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTIONS**

Defendant Tranquilino de Guzman-Bati, Jr., attempted to plead guilty to a felony charge at his arraignment and plea before a Magistrate Judge. The Magistrate Judge refused to accept Defendant's guilty plea at that time. Several days later, the Government filed a Special Information alleging that Defendant was convicted of two prior felony drug convictions. Defendant now moves to strike the Special Information, and requests that the Court provide Defendant with an opportunity to plead guilty without regard to the Special Information.

Defendant Tranquilino de Guzman-Bati's Motion to Strike the United States' Previously Filed Special Information as to the Prior Drug Convictions (Doc. 39) is **DENIED**.

1

**PROCEDURAL HISTORY**

On August 18, 2008, a Criminal Complaint was filed against Defendant Tranquilino de Guzman-Bati, Jr., for conspiring to knowingly and intentionally distribute 50 grams or more of methamphetamine. (Doc. 1, "Complaint".)

On August 27, 2008, an Indictment was filed charging Defendant Tranquilino de Guzman-Bati, Jr. with conspiring to distribute and distributing 50 grams or more of methamphetamine. (Doc. 19, "Indictment".)

On September 2, 2008, Defendant Tranquilino de Guzman-Bati, Jr. appeared at his arraignment and plea with Public Defender Pamela Byrne before Magistrate Judge Kevin Chang.

On September 8, 2008, the Government filed a special information alleging that Defendant Tranquilino de Guzman-Bati, Jr. was convicted of two prior felony drug convictions. (Doc. 29, "Special Information".)

On December 2, 2008, Defendant Tranquilino de Guzman-Bati, Jr. filed a Motion to Strike the United States' Previously filed Special Information as to Prior Drug Convictions. (Doc. 39, "Motion".)

On December 17, 2008, the Government filed an Opposition to Defendant's Motion to Strike Special Information. (Doc. 43, "Opposition".)

The hearing on the Motion was held on January 20, 2009.

## BACKGROUND

On August 18, 2008, Defendant Tranquilino de Guzman-Bati, Jr. ("Defendant") was arrested on a Criminal Complaint charging him with conspiring to distribute 50 grams or more of methamphetamine. On August 27, 2008, an Indictment was returned by a Grand Jury in the District of Hawaii charging Defendant with conspiring to distribute and distributing 50 grams or more of methamphetamine. On September 2, 2008, Defendant appeared with counsel before United States Magistrate Judge Kevin Chang for an arraignment and plea to the Indictment. Defendant attempted to plead guilty at the arraignment and plea against the advice of counsel; Magistrate Judge Chang declined to accept the guilty plea and entered a not guilty plea for Defendant. On September 8, 2008, the Government filed a Special Information pursuant to 21 U.S.C. § 851 alleging two prior felony drug convictions of Defendant.

## ANALYSIS

Defendant Tranquilino de Guzman-Bati, Jr. ("Defendant") argues that Magistrate Judge Chang improperly denied Defendant the opportunity to plead guilty at his arraignment and plea,

before the Government could file the Special Information. Defendant now moves to strike the Special Information, and requests that he be provided an opportunity to plead guilty without regard to the Special Information.

Prior to accepting a guilty plea from a criminal defendant, a court must ensure that all of the requirements listed in Fed.R.Crim.P. Rule 11(b) have been meet. The Rule 11(b) requirements ensure that the guilty plea be "knowing, voluntary and intelligent," and that it have a factual basis. Vasquez-Ramirez v. United States District Court, 443 F.3d 692, 695 n.4 (9th Cir. 2006); see also United States v. Jones, 472 F.3d 1136, 1140 (9th Cir. 2007). A court cannot accept a guilty plea from a criminal defendant if the Rule 11(b) requirements have not been met. Id.

A Magistrate Judge cannot formally enter a defendant's guilty plea to a felony, regardless of the Rule 11(b) requirements. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). A Magistrate Judge can only conduct a Rule 11 plea hearing and issue proposed findings and recommendations to the District Court Judge who is presiding over the case. 28 U.S.C. § 636(b)(1)(B); Reyna-Tapia, 328 F.3d at 1121. The parties then have 11 days after the date of service to file their objections to the Magistrate Judge's proposed findings and recommendations. Crim. L.R. 57.4(b). A defendant's guilty plea

can then be formally entered when the District Court Judge adopts the proposed findings and recommendations of the Magistrate Judge. Id.

Defendant appeared at his arraignment and plea on September 2, 2008, with Public Defender Pamela Byrne. Defendant attempted to plead guilty at the arraignment and plea, but Defendant's attorney attempted to dissuade her client from entering a guilty plea at that time. Magistrate Judge Chang refused to accept Defendant's guilty plea, and stated that it would be "inappropriate and improper for [Defendant] to enter a plea at this time without consulting, in detail, with [Defendant's] attorney." The colloquy between Defendant, counsel, and the Magistrate Judge indicates that the Court properly declined to accept Defendant's guilty plea on September 2, 2008. The Court was required to provide Defendant with the opportunity to thoroughly consult with his counsel prior to Defendant pleading guilty in order to ensure that the plea was "knowing, voluntary and intelligent." Vasquez-Ramirez, 443 F.3d at 695 n.4; see also Fed.R.Crim.P. Rule 11(b).

Regardless of whether the Court properly declined to accept Defendant's guilty plea at the arraignment and plea, Defendant still has no grounds upon which to strike the Special Information. If Magistrate Judge Chang had accepted Defendant's guilty plea on September 2, 2008, he would then have been

required to submit proposed findings and recommendations to this Court. Even if Magistrate Judge Chang had filed his proposed findings and recommendations on the same day as Defendant's arraignment and plea, this Court could not adopt the proposed findings and recommendations until September 13, 2008, pursuant to Crim. L.R. 57.4(b). The Government filed the Special Information against Defendant on September 8, 2008 - several days before this Court could formally enter Defendant's guilty plea.

Finally, Defendant argues that the Special Information should have been filed by the Government prior to Defendant's arraignment and plea on September 2, 2008. Defendant contends that the Government failed to fulfill its "due diligence requirement" by filing the Special Information six days after the arraignment and plea occurred. (Motion at 9-10.) Defendant's argument is without merit. Only two business days elapsed between the date on which Defendant was indicted and the date on which the arraignment and plea occurred. Only four more business days elapsed between the date on which the arraignment and plea occurred and the date on which the Special Information was filed. The passing of a total of six business days, between indictment and the filing of the Special Information, does not constitute a "due diligence" failure by the Government.

For all of these reasons, Defendant has no grounds upon which to strike the Special Information.

## CONCLUSION

Defendant Tranquilino de Guzman-Bati's Motion to Strike the United States' Previously Filed Special Information as to the Prior Drug Convictions (Doc. 39) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 4, 2009.



  /s/ Helen Gillmor_____
Chief United States District Judge

_____

UNITED STATES OF AMERICA v. TRANQUILINO DE GUZMAN-BATI, JR.; Cr. No. 08-00539 HG; **ORDER DENYING DEFENDANT DE GUZMAN BATI'S MOTION TO STRIKE THE UNITED STATES' PREVIOUSLY FILED SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTIONS**